AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

```
✓ FILED      ___ LODGED
___ RECEIVED ___ COPY

     JUL - 9 2018

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY
```

MICHAEL JAYNE )
*Petitioner* )
)   CV18-0338 TUC RM DTF
v. )
)   Case No.
WARDEN ~~STANLEY~~ RHODES )
)   *(Supplied by Clerk of Court)*
)
*Respondent* )
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

**Personal Information**

1. (a) Your full name: MICHAEL JAYNE
   (b) Other names you have used:
2. Place of confinement: FEDERAL CORRECTIONAL COMPLEX
   (a) Name of institution: FEDERAL CORRECTIONAL INSTITUTION
   (b) Address: PO BOX 24550
       TUCSON, AZ 85734
   (c) Your identification number: 74636-065
3. Are you currently being held on orders by:
   ☒ Federal authorities  ☐ State authorities  ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you:
       US DISTRICT COURT WESTERN DISTRICT of TEXAS (AUSTIN)
   (b) Docket number of criminal case: A-12-CR-401 (1) SS
   (c) Date of sentencing: MARCH 13, 2013
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

    ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

    ☐ Pretrial detention

    ☐ Immigration detention

    ☐ Detainer

    ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

    ☐ Disciplinary proceedings

    ☐ Other (explain):

6. Provide more information about the decision or action you are challenging:

    (a) Name and location of the agency or court: US DISTRICT COURT WESTERN DISTRICT OF TEXAS AUSTIN, TEXAS

    (b) Docket number, case number, or opinion number: A-12-CR-401(1) SS

    (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): THE US PROBATION OFFICE IN AUSTIN, TEXAS MISCALCULATED JAYNES CRIMINAL HISTORY POINTS, WHICH WAS OUTLINED IN JAYNES PSI - GIVING JAYNE 23 CRIMINAL HISTORY POINTS. THE USPO GAVE JAYNE 2 POINTS EACH FOR EACH FELONY COUNT. JAYNE WAS CONVICTED OF IN HIS — — CONTINUED PAGE

    (d) Date of the decision or action: BOP REFUSED TO CORRECT SCORING 2018. ALSO SEE LETTER

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

    Did you appeal the decision, file a grievance, or seek an administrative remedy?

    ☑ Yes        ☐ No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court: FEDERAL BUREAU of PRISONS

        (2) Date of filing: MARCH 28, 2014

        (3) Docket number, case number, or opinion number:

        (4) Result: NO RESPONSE

        (5) Date of result: N/A

        (6) Issues raised: INCORRECT CUSTODY CLASSIFICATION SCORING FROM PSR CRIMINAL HISTORY SCORING

SHASTA COUNTY SUPERIOR COURT CASE NO. 10F8876 CALIFORNIA CONVICTION. THIS IS OUTLINED IN JAYNES PSR PARAGRAPHS 37-42. JAYNE SHOULD HAVE BEEN GIVEN A TOTAL OF 3 POINTS, UNDER THE US SENTENCING GUIDELINES. IF JAYNES CRIMINAL HISTORY WOULD HAVE BEEN PROPERLY CALCULATED. HE WOULD HAVE A TOTAL OF 10 CRIMINAL POINTS. ADDITIONALLY, JAYNE HAD HIS FELONY CRIMINAL THREAT CONVICTION VACATED AND OVERTURNED AND DISMISSED WITH PREJUDICE IN SHASTA COUNTY SUPERIOR COURT. JAYNE WAS GIVEN 2 POINTS FOR THIS CONVICTION. JAYNE IS NOW CLASSIFIED AS A MAXIMUM SECURITY INMATE. THIS CLASSIFICATION, IS DUE TO THE INCORRECT AND ILLEGAL CRIMINAL HISTORY SCORING OUTLINED IN HIS PSR. ATTEMPTS TO GET THE AUSTIN US DISTRICT COURT TO CORRECT THIS WERE FUTILE. AND INFORMAL REQUEST MADE BY BOP TO THE USPO TO CORRECT THIS HAS ALSO GONE UNANSWERED. JAYNES DUE PROCESS RIGHTS ARE BEING VIOLATED. CASE NUMBER 10F8876 WAS ONE ARREST AND ONE SENTENCE. THERE WAS NO INTERVENING ARREST. IN FACT 10F6816 WAS ALSO ONE ARREST AND ONE SENTENCE. AND JAYNE SHOULD HAVE BEEN GIVEN 3 POINTS TOTAL FOR THESE TWO CASES.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal:

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☑ Yes ☐ No
   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court:
         USDC
      (2) Date of filing: SENT LETTER to JUDGE
      (3) Docket number, case number, or opinion number:
      (4) Result: DENIED
      (5) Date of result: 2017
      (6) Issues raised: 2255 JOHNSON CLAIM BECKLES DENIED - SCORING ISSUE NOT RAISED IN JOHNSON CLAIM.

   (b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**
   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ☐ Yes ☑ No
   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court:
         N/A
      (2) Date of filing:
      (3) Docket number, case number, or opinion number:
      (4) Result:
      (5) Date of result:
      (6) Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?
☐ Yes   ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
☐ Yes   ☐ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes   ☒ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

CHALLENGING HOW MY SENTENCE IS BEING CARRIED OUT AND 2255 IS NOT EFFECTIVE FOR THIS. I RAISED AN UNRELATED JOHNSON ISSUE IN 5TH CIRCUIT. DENIED DUE TO BECKLES.

11. **Appeals of immigration proceedings**
   Does this case concern immigration proceedings?
   ☐ Yes          ☐ No
      If "Yes," provide:
   (a) Date you were taken into immigration custody:
   (b) Date of the removal or reinstatement order:
   (c) Did you file an appeal with the Board of Immigration Appeals?
      ☐ Yes          ☐ No
      If "Yes," provide:
      (1) Date of filing:
      (2) Case number:
      (3) Result:
      (4) Date of result:
      (5) Issues raised:

   (d) Did you appeal the decision to the United States Court of Appeals?
      ☐ Yes          ☐ No
      If "Yes," provide:
      (1) Name of court:
      (2) Date of filing:
      (3) Case number:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

12. **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ☐ Yes      ☒ No

    If "Yes," provide:

    (a) Kind of petition, motion, or application:

    (b) Name of the authority, agency, or court:

    (c) Date of filing:

    (d) Docket number, case number, or opinion number:

    (e) Result:

    (f) Date of result:

    (g) Issues raised:

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    **GROUND ONE:**

    FIFTH AMENDMENT RIGHT TO DUE PROCESS IS BEING DENIED BY IMPOSING AN ILLEGAL CRIMINAL HISTORY SCORING THAT IS AFFECTING JAYNES CUSTODY CLASSIFICATION

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

SEE ATTACHED PAGE.

(b) Did you present Ground One in all appeals that were available to you?
☑ Yes    ☐ No

**GROUND TWO:**
JAYNES CONVICTION FOR CALIFORNIA PC 422 WAS VACATED AND DISMISSED WITH PREJUDICE

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes    ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes    ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes            ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do:

TO ORDER THE US PROBATION DEPARTMENT TO CORRECT JAYNES PSR AND PROPERLY ADD HIS CRIMINAL HISTORY POINTS, WHICH IF ADDED CORRECTLY - WOULD BE 10 CRIMINAL HISTORY POINTS, NOT 23 AND TO CORRECT IN HIS PSR THAT HE WAS NOT CONVICTED OF CALIFORNIA CRIMINAL THREATS CHARGE, AS THIS CONVICTION WAS VACATED.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: July 1, 2018

*Signature of Petitioner*

Michael

*Signature of Attorney or other authorized person, if any*



**U. S. Department of Justice**

Federal Bureau of Prisons
*Federal Correctional Complex, Coleman*
*United States Penitentiary-II*
P.O. Box 1024
Coleman, Florida 33521-1024

March 28, 2014

United States Probation Office
United States Courthouse
501 West 5th Street, Suite 2100
Austin, TX 78701
ATTN: Joe Sanchez, Chief US Probation Officer

RE:   JAYNE, Michael Aaron
      Register Number: 74636-065
      Docket Number: A-12-CR-401(1)-SS

Dear Mr. Sanchez,

This letter is written in an attempt to resolve inmate Jayne's claim information contained in the Pre-Sentence Report is inaccurate. Current Bureau of Prison's policy states that if an inmate contests information in the Pre-Sentence Report, Unit Staff should contact the USPO for their response to the claim.

Inmate Jayne makes the following assertion:

Contained within the Pre-Sentence Report, the paragraphs in question are Paragraphs 37-42. What Jayne is specifically contesting is his belief that for purposes of scoring, Case No.:10F8876, Superior Court of California, Shasta County, Redding Branch, he should have been given a total of three points. Contrary to this, he claims he was incorrectly given two points each for the individual counts associated with this charge. In referencing Paragraphs 37-42, he further indicates that because there were no intervening arrests between them, the individual counts should be grouped together as one, not scored separately as was ultimately the case in this matter. To reiterate, these charges, he contends, should never have been counted individually and were therefore incorrectly used to determine his criminal history points for sentencing and BOP custody classification purposes (See included documentation provided by inmate Jayne for references to the specifics charges in question).

Please review and advise if these points are in error or if the record stands. If we can be of further assistance or provide additional information to assist you in resolving this matter, please contact me at (352) 689-7000, Extension 7186.

Sincerely,

S. Cox,
Case Manager

cc: Central File

**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
WESTERN DISTRICT OF TEXAS
501 WEST FIFTH STREET
AUSTIN, TEXAS 78701

Pro Se Law Clerk

(512) 391-8802

FILED
APR 14 2016
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

March 24, 2016

Michael Jayne #74636-065
USP Tucson
P.O. Box 24550
Tucson, AZ 85734

RE:   Cause No. A-12-CR-401(1)-SS

Dear Mr. Jayne:

Judge Sparks has requested I respond to your letter dated March 9, 2016, received by this office on March 17, 2016. You ask whether you can be appointed counsel to raise a *Johnson* claim. Please be advised the Fifth Circuit has held *Johnson* is not retroactively applicable to cases on collateral review. *In re Williams*, 806 F.3d 322, 324 & n. 6 (5th Cir. 2015). Until *Johnson* is held to be retroactively applicable in the Fifth Circuit, no action will be taken.

You also request your PSI be revised to show your cases in Shasta County were dismissed. At the time your PSI was written, the information contained therein was accurate. Accordingly, your PSI will not now be revised.

You also request the Judge to make a recommendation to transfer you to the North Dakota state prison system. Please be advised, only the Bureau of Prisons can designate a state facility as a place of confinement.

Finally, per your request, your original letter from the Senior Deputy Public Defender in Shasta County is enclosed.

Sincerely,

Pro Se Law Clerk
United States District Court
Western District of Texas

By: _____